Kenney v. The Hann. & St. Jo. R. R. Co.

————o————

PATRICK KENNEY, Respondent, *vs.* THE HANN. & ST. JO. R. R. Co., Appellant.

1. *Railroads—Escape of fire from locomotive—Destruction of property on adjoining lands—Negligence of employees—Award of interest upon damages—Pleadings—Amendments, etc.*—Where plaintiff's petition charged that a railroad company " by its servants and agents so carelessly and negligently ran and managed a locomotive engine," etc., " that fire escaped therefrom into adjoining lands," etc., and consumed certain property of plaintiff, it was *held*, 1st, that if the employees could readily have prevented the fire from escaping from the roadway upon the plaintiff's meadow, they were guilty of gross negligence, for which the company would be responsible, notwithstanding that the locomotive was provided with the most approved safeguards against the escape of fire, and that the engineer in charge of the locomotive was competent and careful; 2nd, that interest on the amount of damages found, was unauthorized by the statute (either that touching interest, or § 7 of the Damage Act—Wagn. Stat., p. 521); 3rd, as to whether the petition would authorize proof of such failure to prevent the fire from escaping upon the adjoining lands, or whether the variance could be taken advantage of in the Supreme Court, under the statute, (see Wagn. Stat., 1033, § 1.) *Quære?* 4th, but *held*, that the award of interest would operate a reversal of the cause, and the pleadings might then be amended in the trial court.

Judges Sherwood and Hough concurred in the order of reversal and remandment.

*Appeal from Caldwell Circuit Court.*

*James Carr & H. B. Leach,* for Appellant.

There was no proof of negligence in supplying insufficient or defective appliances, or of want of care and skill on the part of defendant's engineers. The proof clearly showed the contrary ; and the mere fact that engine No. 22 emitted sparks is not negligence *per se.* (40 Cal. 14 ; 18 Barb. 80 ; 8 Barb. 366 ; 4 Md. 242 ; 2 Am. R. R. Cas. 30 ; 14 N. Y. 218 ; 2 Strob. 356 ;

Sherm. & Redf. Negl. § 332, p. 395.) An engine properly constructed must emit some sparks.

The company not being in fault as to the quality and character of their equipments, the special risks incident to proximity to railroad trains must be borne by those who established themselves in such localities. (20 Mich. 244.)

The petition charges no negligence save that of those who managed the locomotive. Hence the first instruction for plaintiff changes the issues made by the pleadings. (34 Mo. 453.)

Defendant's instructions should have been given. (Fitch vs. Pac. R. R. Co., 45 Mo. 456.)

*Shanklin, Low & McDougal*, for Respondent.

The conduct of defendant's employees in failing to extinguish the fire was gross negligence. (26 Wis. 537.)

The judgment ought not to have been reversed for a technical variance, as the evidence was received without objection. It is now too late to complain. (Wagn. Stat., 1033, § 1; 60 Mo. 268.) The variance was immaterial. (19 Mo. 192; 44 Mo. 313.)

The jury were properly directed in regard to allowing interest. Plaintiff was entitled to interest at common law, and that right was not taken away by the statute. (Wagn. Stat., 1033, § 1.)

See generally Chappman vs. C. & N. W. R. Co., 26 Wis. 303. Mote vs. C. & N. W. R. R. Co., 27 Iowa, 22; Kyle vs. Laurens R. R. Co., 10 Rich. [S. C.] Law, 382; Blumenthal vs. Brainerd, 38 Vt. 402; Bradley vs. Geiselman, 22 Ills. 494; C. & N. W. R. R. Co. vs. Shultz, 55 Ills., 421; Sedgw. Meas. Dam. 476, 386 and note 1; Holmes vs. Barclay, 4 La. Ann. 63; Parrott vs. Knickerbocker Ins. Co., 46 N. Y. 361; Walrath vs. Redfield, 18 N. Y. 462; King vs. Shepherd, 3 Sto. 349; Jackson vs. The Julia Smith, 6 McLean, 484; Cunard vs. Pac. Ins. Co., 6 Pet. 262; 2 Bened. 47; Wolf vs. Lacey, 30 Tex. 349; Hogg vs. Zanesville Canal, etc. Co., 5 Ohio, 410; Smith vs. Whitman, 13 Mo. 352.

NAPTON, Judge, delivered the opinion of the court.

The petition in this case charged that the defendant by '' their agents and servants so carelessly and negligently ran and managed a locomotive engine on their said railroad in said county, that fire escaped therefrom into adjoining lands, owned and occupied by plaintiff, and consumed and destroyed '' certain property described, of the value of $2,920.

The answer is merely a denial of the allegations of the petition, and an averment that the injuries were caused by the plaintiff's own negligence ; to which latter clause of the answer there was a replication.

The proof was that immediately after the passage of a passenger train of the defendant, about half past nine in the morning of August 30th, 1873, the defendant's gang of section laborers, who when at work about a quarter of a mile from the plaintiff's farm, saw the smoke of the fire near the railroad track, but never went near the fire until about noon, when the fire had attained such progress, and the wind was so high, that all efforts to arrest it were useless. The fire burned slowly until about noon, when they went to dinner, and upon their return from dinner the fire was beyond control. The weather was dry, and there was dry grass on the defendant's right of way.

The defendant proved, or gave evidence to prove, that the locomotive attached to the train was in a perfect state of repair, and supplied with the most approved spark arresting smoke-stack and ash pan, and that the engineer in charge was competent and skillful, and exercised great care, etc.

The court instructed the jury, that if they believed from the evidence that fire escaped from defendant's locomotive engine No. 22, in proof, and was communicated to the grass, or other combustible matter on the right of way, adjacent to defendant's railroad, about half past nine o'clock on the 30th August, 1873, and that defendant's employees, so working in the vicinity, saw said fire in time to have extinguished the same, by the exercise of reasonable care and prudence, before it extended to and upon the premises of plaintiff, in proof ; and that said fire did extend to and

upon plaintiff's said premises, and caused the damages complained of, the jury must find for plaintiff, even though they may believe from the evidence, that said locomotive was in all respects provided with the most approved safeguards against the escape of fire, and that defendant's employees in charge of the train were skillful and careful in the management of said engine.

The court also allowed the jury to allow plaintiff, in addition to the value of the property destroyed, damages by way of interest on the value of such property, not exceeding six per cent.

There was a verdict for plaintiff and judgment on the verdict.

We are not apprised of any statutory provision of this State, which allows a jury to give interest for such damages as were claimed in this suit. There is no such provision in our statute concerning interest, and the seventh section of the act concerning damages, which allows interest in cases of the unlawful conversion of property by the party sued, would not, in terms or by analogous reasoning, embrace a case where no benefit could possibly have accrued to the defendant by the negligence which occasioned the destruction of the property.

The instruction given by the court (excepting on the question of interest) was, we think, correct, on the facts proved. It was gross negligence on the part of the defendant's employees to suffer the fire to escape into the plaintiff's meadow, when it could readily have been prevented. Whether the issue presented by the pleading authorized such evidence is more doubtful, and whether the variance under our statute (Wagn. Stat., 1033, § 1) could have been taken advantage of in this court, for the first time, it is unnecessary to decide.

As the case must be remanded for the error in regard to interest, the objection can be removed by an amendment.

Judgment reversed and cause remanded ; all the judges concur except Judge Vories, who is absent. Judges Sherwood and Hough concur in the result.