KENNEY v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Negligence of Railroad Company**: ESCAPE OF SPARKS. If sparks escaping from a railroad locomotive kindle a fire upon the company's right of way, and the fire extends to and destroys adjoining property, the loss is *prima facie* the result of the company's negligence. The liability incurred will not be avoided by showing that the spread of the fire was caused by the wind, or that there was no considerable accumulation of combustible material on the right of way.

2. **Instructions.** It is error to submit to the jury an issue of fact, concerning which no allegation is made in the pleadings and no evidence is offered at the trial.

3. **Escape of Sparks**: FAILURE OF COMPANY'S SERVANTS TO EXTINGUISH FIRE. The employees of a railroad company do not, by reason merely of their employment, owe any duty to the proprietors of lands adjoining the company's right of way to extinguish a fire found on the right of way. If they omit to do so, and the fire extends to adjoining property and does injury, the company is not liable unless the fire originated through its negligence.

*Appeal from Caldwell Circuit Court—*HON. E. J. BROADDUS, Judge.

REVERSED.

*Chas. A. Winslow* with *A. W. Mullins* and *G. W. Easley* for appellant.

*Shanklin, Low & McDougal* for respondent, cited *Bedford v. Han. & St. Jo. R. R. Co.*, 46 Mo. 456 ; *Coates v. M., K. & T. R. R. Co.*, 61 Mo. 38 ; Cooley on Torts, 591, 592.

HENRY, J.—The petition in this case alleged that on or about the 13th day of August, 1873, defendant, by its agents and servants, so carelessly and negligently ran and managed a locomotive engine on its road, where it runs through plaintiff's farm, that fire escaped therefrom and was communicated to combustible matter on and in the vicinity of its railroad, and was carelessly and negligently permitted to burn, by defendant's employees in charge of the track, and whose duty it was to put such fire out, and being permitted to burn said fire escaped into adjoining land of plaintiff and consumed and destroyed his meadows, fences, hay, straw and cattle sheds and hog pens. Defendant's answer was a general denial, and also alleged that the injuries sued for were caused by the negligence and want of care of plaintiff, and could and would have been avoided by the exercise of ordinary care and prudence on his part. This the replication denied.

There was a trial, which resulted in a judgment for plaintiff, from which defendant has appealed. The question of contributory negligence, on plaintiff's part, may be dismissed with the remark that there was no evidence to sustain it. The evidence as to the origin of the fire was that of Folsom, and was in substance, that on the morning of August 30th, 1873, he was working for defendant as a section hand at the east end of a section which extended through plaintiff's premises, and that immediately after the passenger train going east passed, he saw fire spring up after it on the right of way adjoining plaintiff's premises, and after burning on the right of way for some hours, the fire was driven by the wind on to plaintiff's premises, and destroyed

the property described in the petition; that no fire was visible along the railroad until after the train passed; that it was very dry, and the wind had been blowing all day. Styles testified to the same facts substantially.

It is of no consequence whether there was a great or an inconsiderable accumulation of dry grass on defendant's right of way, in consequence of the negligence of defendant's employees, if owing to their negligence sparks were emitted, or coals of fire, or cinders fell from the engine and set fire to dry grass upon the right of way, and the fire then started was carried by the wind into the premises of the plaintiff. As was held in another case between these parties at the present term of this court, from the facts directly proved, the jury were at liberty to infer that the fire on the right of way was occasioned by sparks emitted, or coals of fire or cinders falling upon it from the engine. See *ante*, p. 243. If the fire was thus kindled on the right of way it was *prima facie* evidence that it was the result of the carelessness and negligence of defendant's servants; and it was a proximate cause of the damage to plaintiff. It is no defense that the fire originated on the right of way and not in the meadow, but was carried from the road into the meadow by the wind. The injury which the plaintiff sustained was directly traceable to the fire which escaped from the engine, and if that escape of fire was in consequence of defendant's negligence, the plaintiff is entitled to recover without regard to any negligence of the company in permitting an accumulation of dry grass upon its right of way.

Three of the instructions for plaintiff are identical with those given for plaintiff in the case between these parties before cited. A fourth was given to the effect that if defendant permitted dry grass and other combustible matter to accumulate along the railroad, and the fire was communicated to it, and then escaped to and burned plaintiff's fence, &c., the jury should find for him,

1. NEGLIGENCE OF RAILROAD COMPANY: escape of sparks.

2 INSTRUCTIONS.

although the engine, machinery and spark arrester were of the most improved pattern, in perfect order and under the management of competent and skillful servants, who were at the time carefully and skillfully managing them. It was neither alleged in the petition nor established by the evidence that the company negligently and carelessly permitted an accumulation of dry grass or other combustible matter on its right of way. No such ground of recovery is relied upon in the pleading, and this instruction was upon an issue which was neither made by the pleading nor the proof. That there was dry grass upon the right of way, which caught fire, cannot be disputed; but the facts that it was a very dry season, that the wind was prevailing throughout the day, and yet, that the fire burned for hours upon the right of way before it extended into plaintiff's premises adjoining, show that there was no negligent accumulation of combustible matter on the right of way. Although the jury may have believed from the evidence that defendant's engine was supplied with the most approved spark arrester, and competent and skillful hands to manage the locomotive, and that, on that occasion, they were careful in its management, and no negligence whatever was attributed to them; yet they were directed by the court, by this instruction, to find for plaintiff, if they found from the evidence that the company had negligently permitted an accumulation of dry grass along the railroad, when nothing of the kind was either alleged in the petition or proved by the evidence.

The court did not err in refusing the second, third and fourth instructions asked by defendant. They contained the same vice found in defendant's fourth instruction in the other case between these parties, to which we refer as containing our views on the subject.

When this case was here on a former occasion, the judgment was reversed because plaintiff was allowed, un-

3. ESCAPE OF SPARKS: failure of company's servants to extinguish fire. der an instruction of the court, in addition to the value of the property, to recover damage by way of interest on such value. 63 Mo. 99. It was observed in the opinion then delivered that: "It was gross negligence on the part of defendant's employees to suffer the fire to escape into plaintiff's meadow when it could have been readily prevented. Whether the issue presented by the pleading authorized such evidence is doubtful, and whether the variance under our statute, (Wag. Stat., § 1, p. 1033,) could have been taken advantage of in this court for the first time, it is unnecessary to decide. As the case must be remanded for the error in regard to interest, the objection can be removed by amendment." In accordance with this suggestion, when the case went back, the petition was amended and the facts alleged in regard to the conduct of defendant's section hands, fully established on the trial, but no instruction was asked on that aspect of the case, and the claim to recover on that ground seems to have been abandoned. Two of the judges, Sherwood and Hough, did not concur in the remarks quoted from the opinion. The record did not present the question of the liability of the company for the neglect of its section hands to extinguish the fire, and, therefore, the remarks on that subject are nor authoritative, but only entitled to that consideration which is due to any observation on legal questions falling from the able and learned judge who delivered the opinion of the court. With due deference to him, we hold that the company is not liable because its servants neglected to extinguish the fire when they discovered it on the track. It was their duty as citizens to prevent the spread of the fire, and by their conduct on the occasion, as testified to by one of their number, they manifested a cruel and brutal indifference to the destruction of a neighbor's property, but it was not in the line of their employment, and was no more their duty to extinguish the fire than that of any other person who saw it. *R. R. Co v. Shipley*, 39 Md. 251. To illustrate, if

a fire should originate on A's premises through no fault of his, and should extend to B's and consume his property, A, if not liable for the occurrence of the fire, would not be liable on the ground that carpenters whom he had employed in repairing or building on his premises, or laboring men whom he had employed to dig a ditch through his farm, had neglected to extinguish it. If not liable for the origin of the fire, he cannot be held so on account of the neglect of a social duty by persons in his employment in a business not connected with the origin of the fire, or imposing any duty to extinguish it in addition to that which every citizen owes to society. Inasmuch, however, as plaintiff does not seem to rely upon that ground for a recovery, we shall not now give it any further attention. Judgment reversed and cause remanded. NAPTON and NORTON, JJ., concur. The other judges concur in the result.