### TRINITY & B. V. RY. CO. v. GEARY.†

(Court of Civil Appeals of Texas. El Paso. Feb. 15, 1912. Rehearing Denied March 6, 1912.)

1. TRIAL (§ 252*) — INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

An instruction submitting an issue is erroneous, where there is no evidence sufficient to fairly raise the issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—RES IPSA LOQUITUR—EVIDENCE.

Proof that an employé on a gravel train unloading gravel was injured by the sudden stopping of a car on which he was riding, caused by the breaking of the air hose, causing a sudden application of the air brake, that the hose broke after the cars in the train had been on a siding for about 10 days exposed to weather, and that no inspection of the hose was made, was sufficient prima facie to raise a presumption that the parting of the hose and the accident were caused by a negligent defect in the hose, in the absence of any explanation of the cause of the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 881; Dec. Dig. § 265.*]

3. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—RES IPSA LOQUITUR—EVIDENCE.

Where the bursting or uncoupling of an air hose on a work train, thereby causing the sudden stopping of the cars and injuring an employé standing on a car, was due to the fact that when the cars were uncoupled the air hose was not uncoupled, and that, on the application of the brakes from the engine, which was backing the train, the uncoupled car went on, bursting the air hose and causing the stop, the presumption of a negligent defect in the hose, under the doctrine of res ipsa loquitur, was overcome.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 881; Dec. Dig. § 265.*]

4. MASTER AND SERVANT (§ 286*)—INJURY TO SERVANT — QUESTIONS FOR JURY — NEGLIGENCE.

Where an employé suing for a personal injury alleges negligence generally, which is permissible where the doctrine of res ipsa loquitur

---

is applicable, the case is properly submitted to the jury, where the facts do not rebut every negligence presumed; but where he particularizes the negligence, and the testimony conclusively rebuts the negligence specified, it is error to submit any ground of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050; Dec. Dig. § 286.*]

5. MASTER AND SERVANT (§ 288*)—INJURY TO SERVANT—ASSUMPTION OF RISK — QUESTION FOR JURY.

Whether an employé unloading gravel on a work train assumed the risk of injury caused by the sudden stopping of the car, caused by the breaking of the air hose, and the resulting application of the emergency brake, *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

6. MASTER AND SERVANT (§ 198*)—INJURY TO SERVANT—FELLOW SERVANTS—WHO ARE.

An employé riding on a gravel train to unload gravel, and having nothing to do with the control of the train or the air brake appliance, is, independently of the employer's liability act, not a fellow servant of the employés controlling and managing the train.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 493–514; Dec. Dig. § 198.*]

Appeal from District Court, Harris County; E. R. Campbell, Special Judge.

Action by Morris Geary against the Trinity & Brazos Valley Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Andrews, Ball & Streetman, N. H. Lassiter, and A. L. Jackson, for appellant. John Lovejoy and Presley K. Ewing, for appellee.

HIGGINS, J. Appellee brought this action in the district court of Harris county against the appellant, Trinity & Brazos Valley Railway Company, for damages resulting from personal injuries inflicted on him November 23, 1909, while in the employment of defendant as section foreman, engaged in hauling and unloading gravel from point to point on defendant's railroad by means of a gravel train.

It was alleged by plaintiff in his petition that on the occasion of his injury he was engaged in riding upon one of defendant's work or gravel trains for the purpose of unloading gravel, and was standing at about the center of a flat car while the same was in motion; that while in this position the air hose broke between the car he was on and the next car north, or in front thereof, whereby the moving cars immediately stopped as suddenly as if the air brake had been applied in the emergency, and thus plaintiff, by his momentum, was thrown forward about 15 feet to the end of the car he was standing on, and fell to the ground in such manner and with such violence that he was rendered unconscious, and received serious and permanent injuries; and he specially alleged that his injuries were the proximate result of

negligence on the part of defendant in the particulars described in the following language of his petition: "(1) By its negligence in failing to exercise ordinary care to furnish and maintain said air hose in a reasonably safe condition, by reason whereof such hose was defective and insufficient, and not reasonably safe, in particulars which plaintiff cannot more definitely or with greater certainty state, of which the defendant knew, or ought in the exercise of ordinary care to have known, in time to have remedied the same, and without which the same would not have broken. (2) By the negligence of the defendant's employés, acting within the scope of their employment for it in the control and management of said train and said hose, and the air run into the same, in improperly letting in, controlling, and managing such air, without which such hose would not have broken."

The appellant, defendant below, answered by general demurrer, general denial, and that the plaintiff was injured as a result of risks ordinarily incident to the service, and the dangers of which were open and known to the plaintiff, and were assumed by him, and that, if true that the injury resulted in any measure from defects in the air hose, such defects were latent and unknown to the defendant, and not discoverable by ordinary care on its part.

Upon trial before jury, verdict for $10,500 was returned in favor of the plaintiff, upon which judgment was accordingly entered. The court in his charge to the jury submitted affirmatively the two grounds of negligence alleged by the plaintiff.

[1] By its fifth assignment of error, appellant urges that the court erred in giving to the jury that portion and paragraph of the main charge which reads as follows: "If from the evidence you believe the train came to a sudden and abrupt stop, and that thereby plaintiff was thrown therefrom and injured substantially in the manner alleged, and you believe that the air hose in question was defective and not reasonably safe, and that it broke, and that defendant had failed to use ordinary care to maintain such hose in a reasonably safe condition, and that, had it exercised such care, such hose would not have broken, if it did, and you believe that the failure of the defendant to exercise such ordinary care, if it did so fail, was a proximate cause, as before defined, of alleged injuries to plaintiff, then return your verdict in favor of the plaintiff, unless you find for defendant on other issue or issues submitted to you." And the seventh assignment complains of the court's refusal to give a special charge requested by defendant, which reads as follows: "You are instructed that, according to the undisputed evidence in this case, the sudden and unexpected stopping of the cars complained of by plaintiff in his

petition as bringing about his injury was not caused by any defect in the air hose, as alleged by plaintiff, but occurred independently of, and without regard to, the existence or not of such alleged defect in the air hose. Therefore, in considering of your verdict in this cause, you will disregard the allegation of plaintiff to the effect that the air hose was defective and insufficient and not in reasonably safe condition, and will disregard the evidence, if any, with regard to the condition or sufficiency of the said air hose, in so far as the question of defendant's liability is concerned."

In support of these assignments, appellant submits that there was no direct evidence to support a finding in favor of plaintiff upon the ground of negligence first alleged, and that the evidence when developed fully accounted for the parting of the hose, and showed that it occurred without reference to and entirely independent of its condition; and therefore the issue of whether or not the parting of the hose was due to negligence in the particulars alleged should not have been submitted to the jury, and they should, by appropriate instructions, have been instructed not to consider these allegations. This position is well taken, if there was not sufficient evidence to fairly raise an issue of fact upon the ground of negligence alleged. Railway Co. v. Platzer, 73 Tex. 121, 11 S. W. 160, 3 L. R. A. 639, 15 Am. St. Rep. 771.

At the time of the accident, plaintiff was a section foreman employed by defendant, and was engaged in hauling and unloading gravel from a work train onto defendant's roadbed. The train was in motion, running at the rate of about 8 or 10 miles an hour, moving in a northerly direction; the caboose being at the northern end of the train. South of the caboose were two flat cars, the plaintiff standing upon the second car from the caboose, about the center thereof, and while in this position the air brakes on the train were suddenly applied, the train abruptly stopped, and plaintiff, by his momentum, was thrown northward about 15 feet to the end of the car he was standing on, and he fell to the ground between the car he was standing on and the car next to the caboose, receiving the injuries upon which this suit is based. Plaintiff testified that after he regained sensibility he looked up from the ground where he was lying, and saw, in plain view before him, the broken air hose. He testified: "The hose was broken; I saw that. Broken about 9 inches from the coupling. It was then broken; appeared to be split, as if bursted. Saw that the air hose was bursted." He further testified that the bursting of the air hose was the cause of the abrupt stop, and in this connection it may be well to say the effect of the air hose bursting or becoming uncoupled is to release the air in the train and suddenly apply, as

in case of emergency, the air brakes, the result of which is to suddenly stop the train. It further appeared from the testimony that it was customary for air hose to be tested by regular inspectors at various terminal points, making the time between inspection from 8 to 24 hours, and that after such inspection, and the hose being found to be in proper condition as disclosed by the test, it was not usual for them to burst; but that it was improbable for them to do so. It also appeared that the cars in this train had been on a siding for about 10 days, exposed to the weather, no tests or inspection of the air hose made, and the effect of such exposure and noninspection was calculated to put the air hose in a condition to burst from defects.

[2] As stated above, the undisputed testimony shows that if the hose bursts or becomes uncoupled the effect is to apply the air brakes as in emergency and suddenly stop the train; and from the testimony quoted it will be noted that there is no affirmative testimony showing that the bursting or uncoupling of the hose was due to any defect therein. The testimony, however, is sufficient prima facie to raise the presumption that the parting of the hose and resulting accident was caused by a negligent defect in the hose, under the doctrine of res ipsa loquitur. The recognized rule in regard to this doctrine, as stated in Washington v. Railway Co., 90 Tex. 314, 38 S. W. 764, is: "While the naked fact that an accident has happened may be no evidence of negligence, yet the character of the accident and the circumstances in proof attending it may be such as to lead reasonably to the belief that, without negligence, it would not have occurred. * * * 'Where the particular thing causing the injury has been shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation, that the accident arose from want of care.'" See, also, Railway Co. v. Jones (Sup.) 125 S. W. 309; Railway Co. v. Thompson, 116 S. W. 106.

[3] Under the rule stated, the fact of the accident under the attending circumstances was sufficient to justify the inference of negligence, causing the air hose to burst, or become uncoupled; but the facts in the case, when fully developed, indisputably show that the bursting or uncoupling of the hose was due to the separation of the car upon which plaintiff was riding and the car north of him next to the caboose, which separation caused the hose to become uncoupled or to part. It seems that these two flat cars had been uncoupled; but the hose itself had not been uncoupled. The train was being backed or pushed northward, when one of the brakemen gave the signal to slow down; the en-

gineer of the train thereupon made a slight application of the air, result of which was to slow down the train and to cause the uncoupled cars to become separated, thereby uncoupling or parting the air hose.

The explanation thus clearly and conclusively shown by appellant, that the parting of the hose and resulting sudden application of air brakes was due to the fact that the two cars had been uncoupled and separated without the air hose being uncoupled, removed and eliminated the presumption which might otherwise have been indulged in that it was due to the negligent condition of the hose, and there was then no issue which could properly be submitted to the jury upon the first ground of negligence alleged; and the court erred in submitting to the jury that portion of the charge above quoted, and in refusing to give the special charge quoted above. Railway Co. v. Platzer, supra. See, also, Johnson v. Railway Co., 27 Tex. Civ. App. 616, 66 S. W. 906.

[4] It will be seen that the case is reversed because the court submitted the issue of defective air hose, and the reason for reversing on this ground is that the facts themselves indisputably prove that it was not a defective air hose which caused the accident. Had plaintiff alleged negligence generally, which is permissible where the doctrine of res ipsa loquitur is applicable, the resultant presumption of negligence would have been general; and, if the facts did not rebut every negligence, the case might have been properly submitted. But where the plaintiff, as in this case, particularizes the negligence, he is confined to the particular negligences alleged. If, then, the case is submitted on each of the particular negligences, and the testimony indisputably rebuts one of them, we must reverse the case, because it may be that the jury decided it on the particular ground of negligence thus erroneously submitted. The instant case is a perfect illustration of the ideas which we wish to express. The testimony shows that what caused the accident was the fact that when the cars were uncoupled the air hose was not uncoupled; consequently, upon the application of the brakes gently, the uncoupled car went on, burst the air hose, and thus brought about the emergency stop. Had negligence been alleged generally, the case might, under this testimony, have been affirmed. But as plaintiff singled out the negligences he relied upon, and as they were so submitted, and as one of them was erroneously submitted, the cause must be reversed.

[5] Upon the question of assumed risk, the jury were charged properly, in so far as this issue arose. No question is made of the manner in which this issue is submitted in the charge, and, in so far as it arose in this case, it was a jury question, and having been correctly submitted appellant's contentions in

regard thereto are overruled, as is also the assignment predicated upon the theory that the facts created a suspicion of negligence on part of plaintiff which contributed to his injury, and which he failed to remove. This issue was properly submitted to the jury, and passed upon adversely to appellant.

[6] The contention is also overruled that the jury should have been instructed to find for defendant, because the plaintiff and the employés in control and management of the train were fellow servants, and defendant therefore not liable for the negligence of such fellow servants in their control and management of the air brake appliances. The plaintiff had nothing whatever to do with the management and control of the train or the air brake appliances. He was engaged in unloading gravel from a train, and was engaged at a different piece of work. Therefore, independent of the effect of the employer's liability act, the fellow servant doctrine was not applicable.

In view of a reversal of the case, it becomes unnecessary for us to pass upon the eleventh assignment of error, which complains of the amount of the verdict.

For the errors pointed out, the cause is reversed and remanded.