SOUTHERN PAC. CO. v. EVANS. (No. 655.)

(Court of Civil Appeals of Texas. El Paso. Jan. 25, 1917.)

1. MASTER AND SERVANT ⬅285(7) — JURY QUESTION—RAILROAD'S NEGLIGENCE.

The defective condition of the running boards on two cars between which plaintiff brakeman was injured was not made a jury question by testimony that they came so close together as to indicate either defects in them or the car's body, where plaintiff's witness stated that in subsequent experiments the car shifted, thereby indicating its defective condition.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1016.]

2. MASTER AND SERVANT ⬅285(11) — JURY QUESTION—SPEED OF CAR.

Testimony that a car was kicked into the car on which plaintiff was standing, the force indicating it was moving 15 or 20 miles per hour, makes its speed a jury question.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1035.]

3. MASTER AND SERVANT ⬅139—PROXIMATE CAUSE—RIDERLESS RAILROAD CAR.

Where a railroad car was kicked at excessive speed into another, on which plaintiff brakeman was standing, without a rider to check its speed, the absence of such rider was the proximate cause of plaintiff's injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 275, 282, 289, 296.]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by John Evans against the Southern Pacific Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 183 S. W. 117.

Beall, Kemp & Nagle, of El Paso, for appellant. Geo. E. Wallace and P. E. Gardner, both of El Paso, for appellee.

HIGGINS, J. Evans brought this suit to recover of appellant damages resulting from personal injuries sustained by him while he was in the service of appellant as a switchman working in its yards in Los Angeles, Cal. While engaged in the operation of switching cars in said yard, and while standing upon the brake platform of a car, it is alleged a string of cars was switched onto the track where he was working, and struck the car upon the brake platform whereon he was standing, and by the force of the collision the cars were driven close together,

and he was caught between the running boards and injured.

Plaintiff testified he was on a string of two refrigerator cars on the icehouse track, and was told by the foreman to hold same, which he did, by setting the brake on one of the cars. He was in between the cars, standing on the brake platform, and had reached down to release the "dog" with his club, when another car came down and hit the string of cars he was on. The car did not couple upon the first impact, but rebounded and struck again. The force of the first impact threw Evans between the ends of the running boards, and when the second impact occurred, he was caught between the running boards and crushed. The brake platforms were on the ends of the two cars, and about 18 or 20 inches below the top.

[1] Verdict was returned and judgment rendered in favor of Evans, and defendant appeals. It is assigned as error that the court erred in its charge in submitting as a ground of recovery the alleged negligence of defendant, based upon the theory that the drawheads or coupling appliances upon one or both of the two cars were out of order, whereby, when the impact of the other car occurred, the ends of the running boards upon the cars, between which plaintiff was standing, were driven closer together than they should have been. It is asserted there is no evidence that the drawheads or coupling appliances were in any wise defective. There is testimony that if the drawheads and coupling appliances and the bodies of the cars were in good condition, the ends of the running boards would be at least 12¾ to 15 inches apart when the couplers were compressed and the cars pressed together as much as they could be pressed by the constant and steady application of force, and that the same would be true when the cars were struck by another car, kicked against them as was done at the time of the accident.

Upon the former appeal, the witness Bowers testified that the ends of the running boards would not come closer together than 18 inches if the drawheads and coupling appliances were in good order. Plaintiff's testimony tended to show that in fact the running boards did come closer together than that. So it was held that this was circumstantial evidence of a positive nature, directly tending to show that the drawheads or coupling appliances were defective, and it was therefore proper to submit the issue of negligence in that respect. Southern Pacific Co. v. Evans, 183 S. W. 117. But upon this appeal, the evidence presents itself in a different aspect. The evidence is that if the running boards came closer than 12¾ to 15 inches apart, then there is a defect in the drawheads or coupling appliances, or else the body of the cars would be loose on their frames, whereby the body of the car would shift, or, as it was termed by some

of the witnesses, "weave," when an impact by collision occurred, and by this shift or "weave" the running boards at the top of the cars would come closer together than they should have come. The testimony all shows that there was no defect in the drawheads or coupling appliances. According to the testimony of various witnesses of defendant, tests were made immediately after the accident, which showed that the two cars between which plaintiff was standing could not, by the application of a steady pressure, be forced so close together that the ends of the running boards would be closer than 12¾ to 15 inches. Examinations of the drawheads and coupling appliances, made immediately after the accident, showed them to be in good order according to these witnesses. At the time the foregoing test was made, another test was made by having the two cars stand still and another car kicked against it, reproducing the movement which occurred at the time of this accident. Plaintiff's witness Martin testified that he was present and assisted in making these tests, and this second test disclosed that when the impact of the kicked car occurred, the body of one of the cars between which Evans had been standing weaved, causing the ends of the running boards to come only 9 inches apart. This testimony was not disputed, and the unsafe condition of the body of the cars was submitted in the charge as an actionable ground of negligence. The foregoing testimony of Martin is the only evidence showing directly or indirectly what caused the ends of the car to come too close together. It was offered by plaintiff, and explained what caused the ends of the running boards to come too close together. It precluded any inference which otherwise might have been legitimately deduced that the closeness of the running boards was due to a defect in the drawheads or coupling appliances. Railway Co. v. Geary, 144 S. W. 1045. Upon the evidence adduced upon this trial, it was error to submit an issue with respect to defects in the drawheads or coupling appliances.

[2, 3] Complaint is also made of the submission of any issue of negligence with respect to the kicked car moving at an excessive rate of speed without a rider. It is objected that there was no evidence of the kicked car moving at an excessive speed, and that the failure to have a rider upon the same was not a proximate cause of plaintiff's injury. There is ample evidence that the car was moving at an excessive speed. It should have moved at the rate of 4 miles an hour. It appears that its impact moved the two cars upon which plaintiff was standing a distance of about a car length. There is testimony that an impact sufficient to have moved these two cars that distance must have come from a car moving 15 to 20 miles an hour. This shows an excessive rate of speed. The purpose of having a man rid-

ing upon a kicked car is to enable him to control its speed, so that it will not strike other cars at an excessive speed. The rules of the company require a rider upon a car moving at the rate of speed the testimony indicates the car was moving. If there had been a rider on this car, he could have controlled its movement, so that its impact with the two cars upon which plaintiff was standing would have been very slight and no injury would have resulted. This shows that the company's negligence in failing to have this rider was a proximate cause of the injury.

The remaining assignments complain that the verdict is unsupported by the evidence and is excessive in amount. In view of a retrial, it would be improper to comment upon the probative force of the evidence, further than to say that in our opinion these assignments are both without merit.

For the error indicated, the cause is reversed and remanded.