## GALVESTON, H. & S. A. RY. CO. v. JENSEN. (No. 3235.)

(Court of Civil Appeals of Texas. Texarkana. April 30, 1926.)

1. Railroads ⬅482(3)—Evidence held insufficient to show negligence in starting fire on railroad right of way to burn off grass.

Evidence *held* insufficient to show that section crew was negligent in starting fire on railroad right of way to burn off grass, where it was not shown, that high wind which later caused it to spread was blowing when fire was built.

2. Railroads ⬅480(1)—Burden was on plaintiff to show negligence in starting fire on railroad right of way.

Plaintiff, whose house was burned when fire on railroad right of way got out of control and spread to his property, *held* to have burden of showing that section crew was negligent in starting fire at time they did under existing circumstances and conditions.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Action by J. L. Jensen against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, Garrison & Watson, and C. E. Coolidge, all of Houston, for appellant.

W. P. Hamblen and Fowler & Conn, all of Houston, for appellee.

LEVY, J. The suit is by appellee for damages for destruction of a certain summer house and its contents by a fire occurring on September 12, 1923. It was alleged:

"That the destruction of said premises was caused by the negligent act of the defendant by its employees in setting fire to the grass along the railroad right of way in close proximity to the premises belonging to the plaintiff, and permitting said fire to spread at a time when there was a high wind," etc.

The appellant pleaded a general denial.

The court submitted the following special issue to the jury: "(1) Were or were not the agents, servants or employees of the defendant 'negligent,' as that term has been hereinbefore defined to you, in setting fire to the grass along the right of way as they did, at the time and on the occasion in question?" The jury made answer, "It was." The above was the only issue respecting negligence. In keeping with the verdict the court entered judgment for the appellee.

[1] The appellant insists that the verdict of the jury is unsupported by sufficient evidence. The special issue confines the finding by the jury as to negligence to "setting fire to the grass along the right of way at the time and on the occasion in question." The entire evidence in that respect is as follows: H. B. Rice testified,

"I was present when there was a fire at Red Bluff about the month of September, 1923. The section men started burning the right of way, and the fire got away from them. They burned about 85 acres of my pasture land. We happened to drive up there at the time. The section men and foreman could not put it out. The wind was too high. They thought they had checked it, and I suggested to the foreman that they had better work, as the grass in the Lee addition was pretty high, and if it got over in there it might set some of the houses on fire. In about a minute one of them did catch on fire. I piled section men in my car and carried them down to it to see if they could save the house. I talked to the section foreman that day. He told me he set the grass on fire, and the fire got away from him. He told me the fire got away from him. * * * There was a pretty high wind that day. * * * I stood on the railway track at the S. P. depot and watched the plaintiff's house burn. From the house to the depot is about four or five hundred yards, about a quarter of a mile."

Thomas De Walt testified:

"I got there after the fire had broken out of the right of way. The section men were fighting it. It was tall grass, and the wind was blowing pretty strong. It was burning toward a row of houses in the Lee addition. The section men were fighting it, but it was too windy for them and the grass high. They were not able to put it out very good, and I helped them all I could. * * * The section foreman stated to me that he set the grass on fire. He said they let it get away from them on the right of way track. * * * The fire had been set on the right of way and had gotten away into the prairie."

---

All the other evidence has reference to the value of the property.

[2] The burden of proof was upon the appellee to show that at the time the section crew started the fire in the grass along the right of way the surrounding conditions and circumstances were such as to reasonably cause it to spread and injure the property of others. The railway company had the right to kindle a fire on its right of way to burn off the grass thereon if it were not negligence to do so at the time under existing circumstances and conditions. The gist of the action is negligence. As shown by the evidence: (1) The section crew set out fire on the right of way; and (2) "it got away from them." Nowhere does it appear when the fire was started, or how long it had been burning, or how or when "it got away from them." The condition of the land next to the right of way is not shown. Appellee's house was "about a quarter of a mile" from "the depot." The location of the fire with reference to "the depot" is not shown. "The grass was tall" where the fire was burning when the witnesses Rice and De Walt arrived at the scene. But how far that was from the railway right of way is not shown. A "high wind was blowing," but when it commenced to blow, with reference to the kindling or "setting fire to the grass" by the section crew, does not appear. The fire might have been kindled in the morning, and the "high wind" or any appreciable wind might have arisen several hours later for aught the record shows. The railroad company would not be liable for an entirely unanticipated "intervening high wind." Seale v. Railway Co., 65 Tex. 274, 57 Am. Rep. 602. Altogether, the evidence is too indefinite and uncertain to warrant a finding of negligence for "setting fire to the grass" or kindling the fire on the right of way at the time done. The fact cases reported and cited by appellant are very similar to this case. Therefore we think the appellant's contention should be sustained.

The judgment is reversed and the cause remanded.