### HOWELL v. TEXAS & PACIFIC RY. CO.
### No. 2902.

Court of Civil Appeals of Texas. Eastland.

Oct. 12, 1951.

Rehearing Denied Nov. 2, 1951.

Larry Scarborough and Scarborough, Yates, Scarborough & Black, Abilene, for appellant.

J. Henry Doscher, Jr., and Wagstaff, Harwell, Wagstaff & Alvis, Abilene, for appellee.

LONG, Justice.

Bruce C. Howell instituted this suit against Texas and Pacific Railway Company to recover for the loss of a feed stack owned by him and destroyed by fire on the afternoon of November 21, 1950. The jury found, in answer to special issues, that defendant burned grass and brush piles on its right-of-way immediately south of plaintiff's leased farm on November 21, 1950; that such burning was negligence and the proximate cause of plaintiff's feed stack catching fire; that the reasonable market value of the feed destroyed by fire was $480. The court rendered judgment for defendant notwithstanding the verdict. Howell has appealed.

Appellant contends the trial court erred in granting appellee's motion for judgment notwithstanding the verdict. The question presented for our determination is, was the evidence sufficient to sustain the findings of the jury. The only ground of negligence alleged by appellant is that appellee was negligent in setting fire to its right-of-way and brush piles at a time when there was a high wind blowing from the south, towards plaintiff's feed. There is evidence that on said date there was a fire along appellee's right-of-way. We have carefully examined the evidence and find that there is no evidence showing when the fire was started. The evidence is undisputed that appellant had a stack of feed located about 240 yards north of appellee's right-of-way; that this stack of feed was destroyed by fire on the afternoon of November 21, 1950; that on said day there was a high wind blowing from the south but there is no evidence in the record showing that the fire was started by employees of the railway company on this date. The evidence of plaintiff's witnesses show that the fire had been burning along the right-of-way for some two or three days prior to November 21, 1950. In order for appellant to recover under his pleadings, it was incumbent upon him to establish that

the fire was started at a time when a high wind was blowing from the south. There is no evidence as to the rate the wind was blowing at any time except on November 21, 1950. There is no showing that there was a high wind at any time prior thereto. We have concluded the trial court did not err in granting appellee's motion for judgment notwithstanding the verdict because the evidence is insufficient to support the finding of the jury on the issue of negligence alleged. Galveston, H. & S. A. Ry. Co. v. Jensen, Tex.Civ.App., 283 S.W. 598; Missouri Pac. Ry. Co. v. Platzer, 73 Tex. 117, 11 S.W. 160, 3 L.R.A. 639.

The judgment is affirmed.