## H. C. PFEIFFER v. HERMAN AUE.

### Decided December 23, 1908.

**1.—Fire—Communication from Private Premises—Liability.**

Every person has the right to kindle fire on his own land for any lawful purpose, and if he uses reasonable care to prevent its spreading and doing injury to the property of others, no just cause of complaint can arise in case of injury; but, though the time may be suitable and the manner prudent, if he is guilty of negligence in taking care of the fire, and it spreads and injures the property of another in consequence of such negligence, he is liable in damages for the injury done. Rule applied in a suit for the value of grass and timber destroyed by fire which spread from the premises of another.

**2.—Same—Burden of Proof.**

In a suit for the value of grass and timber destroyed by fire communicated from the premises of another, the burden of proof is upon the plaintiff to show negligence on the part of the defendant or party kindling the fire. The rule is otherwise in case of fire communicated from locomotives.

**3.—Damages—Evidence—Harmless Error.**

Where, in a suit for damages, the verdict of the jury is for the defendant, the rulings of the trial court in the admission of evidence affecting only the amount of damages to which the plaintiff would be entitled, cannot constitute reversible error.

**4.—Same—Same.**

Evidence considered, and held to warrant a verdict for the defendant in a suit for damages to plaintiff's grass and timber by fire set out upon and which spred from defendant's premises.

Appeal from the Fifty-seventh Judicial District, Bexar County. Tried below before Hon. A. W. Seeligson.

*Ed Hallom* and *Geo. C. Altgelt,* for appellant.

*Carlos Bee,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellant sued appellee to recover damages arising from the destruction of grass and wood on appellant's land by a fire intentionally started by appellee on his land adjacent to that of appellant and which was thence communicated to the grass of appellant's land. The cause was tried by jury and resulted in a verdict and judgment for appellee.

It is not controverted that the fire was kindled by appellee on his land, that it was communicated from his land to that of appellant, and that it destroyed his grass and fallen timber.

The owner of land has the right to kindle a fire on his own property, but he is under obligation to use ordinary care to confine it within his own premises so as to avoid injuring the property of others. This is the American rule in contradistinction to the rule of the common law by which every man was bound to keep fire, intentionally lighted by him,

within the limits of his own property, and was liable for any injury done by its escape to the property of another, although he had not been guilty of negligence. In the case of Losee v. Buchanan, 51 N. Y., 476, the English cases were reviewed and the court concluded: "In conflict with the English cases is a class of cases in reference to damage from fire communicated from the adjoining premises. Fire, like water or steam, is likely to produce mischief if it escapes and goes beyond control; and yet it has never been held, in this country, that one building a fire upon his own premises can be made liable if it escapes upon his neighbor's premises and does him damage without proof of negligence. (Clark v. Foot, 8 Johns., 421; Stuart v. Hawley, 22 Barb. 619; Calkins v. Barber, 44 Barb., 424; Barnard v. Poor, 21 Pick. 378; Tourtellot v. Rosebrook, 11 Metc. 460; Bachelder v. Heagan, 18 Me., 32.) The rule as laid down in Clark v. Foot is as follows: "If A. sets fire to his own fallow ground, as he may lawfully do, which communicates to and fires the woodland of B., his neighbor, no action lies against A. unless there was some negligence or misconduct in him or his servant. And this is the rule throughout the country except where it has been modified by statute."

Speaking on this subject in the case of Missouri Pac. Ry. v. Platzer, 73 Texas, 117, the Supreme Court of Texas said: "Every person has the right to kindle a fire on his own land for any lawful purpose, and if he uses reasonable care to prevent its spreading and doing injury to the property of others no just cause of complaint can arise; yet, although 'the time may be suitable and the manner prudent, if he is guilty of negligence in taking care of it, and it spreads and injures the property of another in consequence of such negligence, he is liable in damages for the injury done. The gist of the action is negligence, and if that exists in either of these particulars, and injury is done in consequence whereof the liability attaches, and it is immaterial whether the proof establishes gross negligence or only a want of ordinary care on the part of the defendant.'"

It follows from the foregoing statement of the law that the first assignment of error, which complains of the charge of the court which made the exercise of ordinary care the test of appellee's liability, can not be sustained. Appellant's proposition is that "when one proprietor intentionally sets fire to his pastures for the purpose of destroying old and worthless grass he must, at his peril, undertake to confine the fire to his property so it may not injure the property of the adjacent proprietor; and the rule of ordinary care and prudence has no application." In other words, if an owner of grass land exercises the undoubted right that he has of burning his grass, he is liable for any injury resulting by the escape of the fire to other property, no matter what degree of care and diligence he may have exercised in firing his grass and in endeavoring to keep the fire confined to his own land. The proposition is not the law, as fully appears from the decisions cited.

Appellee having the right to set fire to his grass, the mere proof of the fact of his exercising that right and that the fire escaped to the land of another did not raise the presumption of negligence against him, but the burden rested upon appellant to show either that appellee was guilty of negligence in starting the fire, under the peculiar circumstances, or

that he had not exercised ordinary care in the effort to confine the fire to his own land. The court did not err in instructing the jury that "the burden of proof is upon the plaintiff to establish his case by a preponderance of the evidence." The doctrine of *res ipsa loquitur* does not apply in such cases, and no Texas case can be found so holding in cases like the one now under consideration. The cases of International & G. N. Ry. v. Timmermann, 61 Texas, 660, and Gulf, C. & S. F. Ry. v. Benson, 69 Texas, 407, are railroad cases where the rule is different from other cases. The reason for a different rule as to fires caused by sparks from locomotives is stated in Galveston, H. & S. A. Ry. v. Horne, 69 Texas, 643. There is nothing about this case to take it out of the general rule that the burden is on the plaintiff to establish his case by a preponderance of the evidence.

The eighth assignment of error complains of the admission of evidence as to the rental value of land on Gallagher's Ranch being only ten cents an acre, and that the grass on that ranch was superior to that destroyed by the fire. The objection to the evidence was that it did not show whether the Gallagher Ranch was in proximity to appellant's land or not. How this testimony could have injured appellant does not appear, as the jury found that there was no liability and that appellant was not entitled to anything. The evidence merely went to the question of the amount of damages, and if appellant was not entitled to damages he was not injured by its admission.

In the charge complained of in the tenth assignment of error the court instructed the jury that a verdict for appellee should be returned if it was found from the evidence that he "was not guilty of negligence in starting the fire in his pasture at the time, in the manner, or under the condition that you find from the evidence he started the fire, and if you believe from the evidence that the defendant was not guilty of negligence in allowing said fire to get beyond his control." That was the law of the case.

There was evidence tending to show that no damage resulted to appellant from the fire, and the court did not err in submitting that issue to the jury. There was evidence tending to show that the pasture and cattle were benefited by burning off the old grass and rotten timber and underbrush. The old grass was burned in February, and the green grass came up rapidly on the land, and the cattle showed a preference for the burnt district over other parts of the pasture.

The evidence failed to establish negligence upon the part of appellee either in setting the grass on fire on his own land, or in permitting it to escape to appellant's land. The fire was started about 300 yards from appellant's land and the conditions seemed favorable to perfect control of it, but a shifting wind blew up that placed the fire beyond control. Appellee fought the fire until it was extinguished. Appellee mowed the grass around the borders of his land before lighting the fire. There was testimony to the effect that appellant intended burning the grass on the other portion of the pasture. The cattle were not moved off the pasture on account of the fire. The judgment is affirmed.

*Affirmed.*

Writ of error refused.