## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. ANDERSON. (No. 8047.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 28, 1914. Rehearing Denied Jan. 16, 1915.)

1. RAILROADS ⊂⊃457—FIRES—LIABILITY FOR DAMAGES.

A railroad on whose boarding car a fire started, and which failed to extinguish it before it reached plaintiff's grass or pasture land and destroyed the grass, was liable in damages.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1661; Dec. Dig. ⊂⊃457.]

2. APPEAL AND ERROR ⊂⊃719—REVIEW—ASSIGNMENT.

In an action for damages for burning defendant's grass, where the court assumed that the fire was started in defendant's boarding car through negligence of its employés, and no assignment of error for such assumption was presented, a proposition that there was no evidence that the fire originated through any negligence of defendant's employés could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ⊂⊃719.]

3. RAILROADS ⊂⊃482—FIRES—NEGLIGENCE.

Where railroad employés were using a boarding car shortly before the fire, and the railroad put in no evidence of probability that the fire started through some other agency than the negligence of its employés, there was a showing prima facie that the fire originated through some act or omission of its employés.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1730–1732, 1734–1736; Dec. Dig. ⊂⊃482.]

4. DAMAGES ⊂⊃112—FIRES—EVIDENCE.

Where it appeared that plaintiff was using his land for pasturage and hay purposes, the measure of damages for injury to the land was the depreciation in its market value for that or any lawful purpose.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 281–283; Dec. Dig. ⊂⊃112.]

5. DAMAGES ⊂⊃138 — EXCESSIVE DAMAGES — INJURY TO LAND.

In an action for the burning of plaintiff's grass and for injury to his land, where there was evidence that the grass burned was worth $432, that the depreciation of the land was $334, that the cost of replacing fence posts was $52, aggregating $818, a verdict for $813, with interest, was not excessive.

[Ed. Note.—For other case, see Damages, Cent. Dig. §§ 397, 398; Dec. Dig. ⊂⊃138.]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by Neil P. Anderson against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

E. B. Perkins, of Dallas, and Thompson & Barwise and A. C. Wood, all of Ft. Worth, for appellant. Flournoy, Smith & Storer, of Ft. Worth, for appellee.

DUNKLIN, J. Fire originated in a boarding car belonging to the St. Louis Southwestern Railway Company of Texas while standing on one of the company's side tracks, spread to the Maddox farm adjacent to defendant's right of way and from there to land belonging to Neil P. Anderson adjoining the Maddox land, where it destroyed grass on 216 acres. Anderson instituted this suit against the railway company to recover the value of the grass so destroyed, and also for depreciation in the market value of the land by reason of injury done to the turf by the fire. Two grounds of negligence alleged in the petition as a proximate cause of the damages so sustained were, upon the trial, abandoned by the plaintiff, namely, that the fire originated in the boarding car through the negligence of the defendant, and that the fire spread from the car to the Maddox land through the medium of combustible material, which defendant had negligently permitted to accumulate upon its right of way. The only other negligence alleged in plaintiff's petition, and upon which he relied for a recovery, was that of the defendant in failing to extinguish the fire before it reached plaintiff's land. A judgment was rendered in favor of the plaintiff, and the defendant has appealed.

Appellant insists that there could be no recovery without a showing that it was guilty of negligence in the origin of the fire in the boarding car, or proof that it had negligently permitted combustible material to accumulate upon its right of way, through the medium of which the fire spread to the Maddox land. In other words, that if the fire originated through no negligence on its part, and through no negligence on its part spread from its right of way to the Maddox land, it owed no legal duty to follow it up and extinguish it before it reached plaintiff's land. This contention is made the basis of several assignments of error such as that the court erred in submitting the issue of negligence relied on by the plaintiff as a ground for recovery, in refusing to peremptorily instruct the jury to return a verdict in favor of the defendant, and that the judg-

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment is without sufficient evidence to support it.

[1] While there are authorities in other states supporting the rule that, as a person has the lawful right to start a fire upon his own premises, he is not responsible for injury done to adjacent property through the spread of the fire thereto, if he is guilty of no negligence in starting the fire and none in permitting it to spread to the other property: A contrary rule, however, is firmly established by the decisions of this state, and upon those decisions the assignments of error now under discussion must be overruled. See Mo. Pac. Ry. Co. v. Platzer, 73 Tex. 117, 11 S. W. 160, 3 L. R. A. 639, 15 Am. St. Rep. 771; Mo. Pac. Ry. Co. v. Donaldson, 73 Tex. 124, 11 S. W. 163; Rost v. Mo. Pac. Ry. Co., 76 Tex. 173, 12 S. W. 1131; Dillingham v. Whitaker, 25 S. W. 724; Pfeiffer v. Aue, 53 Tex. Civ. App. 98, 115 S. W. 300; H. & T. C. Ry. Co. v. Anderson, 44 Tex. Civ. App. 394, 98 S. W. 440; H. & T. C. Ry. Co. v. Crook, 56 Tex. Civ. App. 28, 120 S. W. 594.

[2, 3] We deem it proper to discuss specially a proposition submitted under one of the assignments noted above and overruled, which is, in effect, that there was no evidence to prove that the fire originated through any act or omission of any of the defendant's employés. If, as suggested by this proposition, the rule announced in the decisions above noted, and under which the recovery was had, is limited to cases in which the origin of the fire is chargeable to the person against whom damages is sought, nevertheless the proposition is unavailing to appellant in this case for the following reasons: First, the assignment under which it is submitted does not present it; second, in applying the rule the court in his charge did not submit as a disputed issue whether or not the fire in the boarding car started through some act or omission of defendant's employés, but assumed that it was so started and no assignment of error is presented that the court erred in that assumption of fact; third, there was testimony showing that defendant's employés were using the car for boarding house purposes shortly before the fire originated, and defendant introduced no testimony to show that probably the fire started through some other agency than that of its employés. Under such circumstances there was a showing prima facie that the fire originated through some act or omission of appellant's employés.

[4] It is further insisted that the court erred in admitting testimony offered by the plaintiff to show the value of plaintiff's land for grass purposes before and after the fire as proof of the measure of plaintiff's damages for injury to the turf, and in instructing the jury, in effect, that the measure of plaintiff's damages for injury to the turf

would be the depreciation in the market value of the land by reason of such injury "for any lawful purpose." This contention must be overruled, since the proof showed that plaintiff was using his land prior to the fire for pasturage and hay purposes, and the rule is well established, as announced in F. W. & N. O. Ry. v. Wallace, 74 Tex. 581, 12 S. W. 227, that:

"It is the right of the owner to have his damages measured by the extent of the injury to the land used for any lawful purpose to which he had appropriated it, desired to appropriate it, or to which it is adapted. Railway v. Hogsett, 67 Tex. 687 [4 S. W. 365]. It does not rest with the wrongdoer to say to the owner: Use your land for a purpose for which you do not desire to use it, and it would be as valuable to you for that use as it was before for another."

See, also, Sherman Gas & Elec. Co. v. Belden, 115 S. W. 897.

[5] By another assignment it is insisted that the verdict of the jury was excessive. This contention seems to be predicated in part upon the statement, contained in the assignment, that the evidence shows without controversy that only about 150 acres of plaintiff's land were burned over. If that statement was borne out by the record, there would be merit in the assignment; but in the statement following the assignment no testimony is pointed out to sustain the contention. On the contrary, testimony of plaintiff's witnesses is set out which is, in effect, that 216 acres of plaintiff's land were burned over. Furthermore, the testimony of one of plaintiff's witnesses was that the grass burned was worth $432, the value of the land by reason of injury to the turf was depreciated in the sum of $334, and that the cost of replacing the fence posts, which were also burned, and for which damages were prayed in plaintiff's petition, would amount to $52. The aggregate of the damages so stated would be $818, while by the verdict of the jury plaintiff was allowed $813, with interest thereon from the date of the fire to the date of the judgment. Under this showing, we cannot say that the verdict was excessive.

All assignments of error are overruled, and the judgment is affirmed.