## BARRON v. HAY. (No. 6658.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 21, 1921.)

1. Trial ⬡⟲352(4)—Issue as to negligence in connection with spread of fire, though not in language of petition held sufficient.

In an action for the value of lumber destroyed by fire, in which the petition alleged that defendant's testator, after starting a fire, carelessly and negligently allowed it to remain unattended, the issue whether the testator used such care as an ordinarily careful and prudent man would use under like or similar circumstances to prevent the spread of the fire, though not in the language of the allegations, was sufficient.

2. Trial ⬡⟲260(1)—Refusal of charges covered by that given not error.

The refusal of special charges was not error where the matters contained therein were sufficiently covered by the charge given.

3. Trial ⬡⟲120(2)—Argument of plaintiff's counsel that he knew defendant's testator wanted claim paid held improper.

In an action against an executor for the value of property claimed to have been destroyed through the negligence of defendant's testator, the court should have sustained objections to the statement of plaintiff's counsel in his argument that he had attended to many matters of business for the testator and knew it was his wish and desire that plaintiff's claim should be paid; that if he had lived it would have been paid, etc.

4. Negligence ⬡⟲21—One building fire liable for failure to exercise ordinary care.

If defendant's testator built a fire in his back yard and failed to exercise that ordinary care and prudence that he should have used to prevent it from spreading to plaintiff's property, he was liable for the damages.

Appeal from San Patricio County Court; J. C. Houts, Judge.

Action by Walter Hay against Hugh Barron, executor. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

James G. Cook, of Sinton, for appellant.

FLY, C. J. This is a suit for damages instituted by appellee against appellant, as the executor of the will of Peter Yeager, deceased, alleged to have arisen out of the destruction by fire of certain lumber piled in the back yard of appellee; said fire being communicated to the lumber from a fire started by said Yeager on his lot and carelessly and negligently allowed to remain unattended. It was alleged that Yeager had acknowledged the justice of the claim and promised to pay the damages. Appellant answered by general and special exceptions, general denial, and a plea of contributory negligence. The exception to that part of

the petition setting up the admission of Yeager as to the justice of the claim was sustained. The cause was submitted to the jury on special issues, and on the responses thereto judgment was rendered in favor of appellee for $450.

[1, 2] The first assignment of error complains of the court in submitting the following issue to the jury:

"Did the said Peter Yeager use such care as an ordinarily careful and prudent man would use, under like or similar circumstances, to prevent the spread of the fire, if you find it did spread, with which he was burning the ants?"

because the question as to care and prudence of Peter Yeager in using means to prevent the spread of fire was different from the negligence in leaving the fire unattended, alleged in the petition. We fail to understand the reason of the court in not presenting the issue of negligence in the language of the allegations, as requested by appellant, and yet we are of opinion that the issue was all that was necessary. The first assignment, and also the second assignment of error, which complains of the failure to state the issue in the language of the allegations and to give the definition of negligence, are overruled. The charge of the court sufficiently covered the matters contained in the special charges sought.

[3] The third assignment of error complains of the action of the court in permitting counsel for appellee to use the following language in his closing address to the jury:

"Gentlemen, I knew Peter Yeager in his life time; he was my client. I, as an attorney, attended to many matters of business for him; I know, gentlemen, that it was Peter Yeager's wish and desire that this claim of Mr. Walter Hay's should be paid. If he had lived, this claim would surely have been paid by him. It should have been paid, just the same as if he had directed its payment in his last will and testament."

Appellant made strenuous objection to the argument and asked the court to stop counsel and instruct the jury not to consider the argument, which the court declined and refused to do. No reason for the action of the judge can be conceived, especially after he had sustained an exception to the allegations in the petition concerning the very matter about which he permitted the attorney to testify, without the formality of an oath, to the facts alleged and stricken out, and to comment thereon. There can be but little doubt that the speech affected the verdict of the jury, and the third assignment of error is sustained.

[4] The evidence was sufficient to raise the issue of negligence and created a state of facts to be passed upon and determined by a jury. If, as the jury found, deceased built a fire and failed to exercise that ordi-

nary care and prudence that he should have used to prevent the fire from extending to his neighbor's property and destroying it, he would be liable for damages. What might not be negligence in starting a fire in the country might in itself be negligence in a town or city where the lots are necessarily circumscribed in size and the improvements in close proximity and inflammable material scattered about. In most cities and towns it would be unlawful to kindle fires in a back yard while, as held in this state, it might be perfectly lawful to kindle fires in the country on your own land. Even in that case the person kindling the fire on his own land would be held to the exercise of reasonable care in confining the fire to his own property. Railway v. Platzer, 73 Tex. 117, 11 S. W. 160, 3 L. R. A. 639, 15 Am. St. Rep. 771; Pfeiffer v. Aue, 53 Tex. Civ. App. 98, 115 S. W. 300; Railway v. Moerbe (Tex. Civ. App.) 189 S. W. 128. The evidence made a case for the jury and the fourth, fifth, and sixth assignments of errors are overruled.

On account of the error in permitting the argument of which complaint is made, the judgment is reversed and the cause remanded.

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes