## INTERNATIONAL–GREAT NORTHERN R. CO. v. KUHLMANN et al.

### No. 7411.

Court of Civil Appeals of Texas.    Austin.

Feb. 19, 1930.

Rehearing Denied March 26, 1930.

Andrews, Streetman, Logue & Mobley and Wolters, Blanchard, Woodul & Pressler, all of Houston, for appellant.

Gill, Jones & Tyler, of Houston, for appellees.

BLAIR, J.

Appellee Mrs. Mary E. Kuhlman joined pro forma by her husband, for and in behalf of herself and the Netherlands Insurance Company, sued appellant railroad to recover damages resulting from the destruction of her house by fire, alleging that the fire was communicated to the house either from a fire set by appellant's section crew to a pile of old cross-ties on the right of way, and their failure to use due care to prevent its spread, or from a fire which originated on appellant's right of way, and failure of appellant's agents to use due care to prevent its spread after discovery of the fire. A trial on special issues resulted in a verdict and judgment for appellees for $2,132; hence this appeal.

The jury found (1) that the fire which destroyed the house originated on appellant's right of way; (2) that it was set by agents of appellant; and (3) that appellant's agent and employees negligently failed to keep watch to confine the fire to the right of way and to construct guards around the fire; and (4) that such negligence was the proximate cause of the destruction of the house.

The jury's findings are attacked by appellant as not being supported by any evidence and as being so contrary to and against the great weight and preponderance of the evidence as to require the verdict and judgment to be set aside and the cause reversed.

Under the allegations of the petition and the law of negligence in regard to fire, the burden was upon appellees to prove by a preponderance of the evidence that the fire which destroyed the house was communicated thereto either from a fire set by appellant's section crew to a pile of old cross-ties on the

452

right of way, and failure to use due care to prevent its spread, or from a fire which originated on the right of way and failure of appellant's agents to use due care to follow it up and prevent its spread to the house after discovery of the fire. Mo. Pac. Ry. Co. v. Platzer, 73 Tex. 117, 11 S. W. 160, 162, 3 L. R. A. 639, 15 Am. St. Rep. 771; St. Louis, S. W. Ry. Co. v. Anderson (Tex. Civ. App.) 173 S. W. 908 (writ of error refused); Mo. Pac. Ry. Co. v. Donaldson, 73 Tex. 124, 11 S. W. 163; Rost v. Mo. Pac. Ry. Co., 76 Tex. 173, 12 S. W. 1131; Dillingham v. Whitaker (Tex. Civ. App.) 25 S. W. 724; Pfeiffer v. Aue, 53 Tex. Civ. App. 98, 115 S. W. 300; H. & T. C. Ry. Co. v. Anderson, 44 Tex. Civ. App. 394, 98 S. W. 440; H. & T. C. Ry. Co. v. Crook, 56 Tex. Civ. App. 28, 120 S. W. 594.

■ It is true that no witness actually saw the appellant's section crew set fire to a pile of old cross-ties on the right of way Saturday afternoon, October 22, 1927; nor did any witness actually see where and when the fire started; but a pile of old cross-ties was seen burning that afternoon on the right of way, and the fire had spread from that point to tall dry grass and weeds, burning about 100 yards on the right of way and had spread over several acres of the pasture and pine woodland adjoining the right of way before any one discovered or took notice of the fire. About three o'clock Saturday afternoon the section crew attempted to whip the fire out of the grass on the right of way and also in the adjoining pasture, and thought they had done so; but smoke was seen from the point where the fire had burned in the pine woods during Saturday afternoon, Saturday night, and Sunday morning. About noon Sunday the wind changed from the west and the fire was driven from the woods directly east about 200 or 300 yards to appellee's house, setting fire to and completely destroying it, about 5 o'clock Sunday afternoon, October 23, 1927. Thus a complete and continuous path of the fire was traced from a point where the cross-ties were seen burning on the right of way and from a point on the right of way where the section crew whipped out the fire in the tall dry grass and weeds, through the tall grass and weeds into the dry pine timberland, thence to appellee's house. The foreman and members of the section crew testified that they set no fire either to the grass or any old cross-ties on the right of way, and that no cross-ties burned on the right of way that Saturday afternoon. Appellees' witness testified that old cross-ties were burning on the right of way on that afternoon, and one of the appellees testified that some few days after the fire he traced the burned path from the house to the right of way and found at the point where the cross-ties were seen burning some shovel marks and where little specks of charcoal had been covered up and the ground freshly cleaned off. It is true that the section foreman testified that

he did not know where the fire originated, but, having found it burning upon the right of way, he had no right to speculate as to its origin, and was under legal duty to use due and proper care to follow it up and prevent its spread after discovery. This he did not do, but merely whipped the fire out on and near the right of way; left no one to guard the fire against another outbreak, though the season was dry and the weeds and tall grass and the pine straw burned very readily. And smoke was seen to come from the fire in the woods continuously through Saturday afternoon and night and on Sunday until the house burned.

In the case of Mo. Pac. Ry. Co. v. Platzer, supra, the Supreme Court held: "The cases show that it is not important whether the origin of a fire be in negligence, and that liability exists on the ground that the failure to use proper care to prevent the spread of fire lawfully kindled is negligence as clearly as is an originally unlawful kindling from which injury to another results."

In the case of St. Louis, S. W. Ry. Co. v. Anderson, supra, it was held that, even though the fire originated on the right of way through no negligence of the railroad company, and even though it spread from the right of way through no negligence of the railroad company, still, if it originated there, the railroad was under legal duty to follow it up and extinguish it before it reached plaintiff's land.

■ The question, "Did the defendant's agents, servants and employees keep a watch to confine same to the right-of-way of defendant?" was objected to upon the ground that the issue assumed that defendant's agents and employees knew about the fire. The objection is without merit, because the answer to the issue was predicated upon the jury's affirmative answer to the preceding question, "Was it (the fire) set by agents of the defendant?" And, further, because the section crew admitted that they found the fire burning on the right of way and attempted to put it out.

■ Our conclusion holding that the evidence was sufficient to support the jury's findings of fact answers appellant's contention that the court erred in submitting any issue to the jury, because, since there was no evidence to support the issues, their submission tended to mislead and confuse the jury into belief that there was evidence supporting same. If an issue is supported by pleadings, and evidence and reasonably tends to establish the ultimate fact sought to be found, it is not error to submit same as being confusing and misleading to the jury.

■■ Nor do we sustain appellant's contention that appellees' petition did not plead the proper measure of damages. The petition alleged sufficient facts from which the court could determine and submit to the jury the proper measure of damages, which is all that is necessary under the law. Texas Pac. Coal

& Oil Co. v. Barker (Tex. Civ. App.) 252 S. W. 809; International & G. N. Ry. Co. v. Glover (Tex. Civ. App.) 84 S. W. 604; Southwestern Portland Cement Co. v. Kezer (Tex. Civ. App.) 174 S. W. 669. And since appellant did not except to the petition for not pleading the proper measure of damages, and having itself introduced evidence upon the theory of the measure of damages adopted by the court, it waived any such defect in pleadings. St. Louis, K. & S. E. Ry. Co. v. Ballard, 172 Ark. 151, 287 S. W. 738.

The trial court's judgment is affirmed.

Affirmed.