### SOUTHLAND INDUSTRIES, Inc. et al. v. O. R. MITCHELL MOTORS.

#### No. 12342.

Court of Civil Appeals of Texas. San Antonio.

Dec. 5, 1951.

Rehearing Denied Jan. 2, 1952.

John C. Hoyo, Horace P. Shelton, Jr., San Antonio, for appellant.

Boyle, Wheeler, Gresham & Davis, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Southland Industries, Inc., against O. R. Mitchell Motors seeking to recover damages caused by fire to a building owned by plaintiff and situated at the intersection of North St. Mary's and Navarro Streets in the City of San Antonio. Recovery was sought both upon tort and contract liability. The tort liability was based upon the theory that the fire was negligently caused by the defendant, his agents and employees, and the

contract liability was based upon the contention that defendant was liable for the damage caused by the fire under his written contract of lease of that part of the building in which the fire occurred. Plaintiff filed its third amended original petition in which it made the Standard Insurance Company of New York and the General Insurance Company of America parties plaintiff in the cause.

The trial was to a jury and, based upon the jury's answer to the special issue submitted, judgment was rendered that plaintiffs take nothing, from which judgment Southland Industries, Inc., Standard Insurance Company of New York and General Insurance Company of America have prosecuted this appeal.

Appellants' first point presents the contention that the court erred in striking out appellants' pleading setting up the doctrine of res ipsa loquitur. The evidence shows that the fire was caused in the following manner: That part of the second floor of the building which had been leased to appellee was used for an automobile repair shop. It was divided into two rows of stalls with an alley between. Different mechanics worked upon and repaired automobiles in these various stalls. The fire occurred on January 21, 1946, in the southeast corner of the second floor of that part of the building occupied by appellee. In the stall where the fire occurred a mechanic by the name of John Lewis was repairing an automobile. His duty was to remove the gasoline tank and replace it with a new one. The old tank had some eight or ten gallons of gasoline in it and this was first drawn out into an open top container and set a few feet back of the automobile. Lewis removed the old tank, but before placing the new tank on the automobile he had an urgent call of nature and went down on the first floor to answer this call. In the stall opposite that used by Lewis another mechanic by the name of L. M. Sifford was working. When he came to work that morning he found an auto belonging to one M. G. Gonzales already in his stall with a work sheet calling for him to repair the brakes upon this car. His orders were to repair an automobile only in the particular

set out on the work sheet. Sifford repaired the brakes on the Gonzales automobile and backed it out of the stall in which he was working, for the purpose of driving it down the ramp and on to the first floor. According to Sifford's testimony, he had backed the car out of his stall and as far as he could go without entering the stall in which Lewis worked and had stopped, and was cutting his front wheels and preparing to shift gears, when his foot slipped off the clutch pedal, which was worn on one side, thus causing the auto to lunge backward some three or four feet and strike the container in which was the gasoline, turning it over. The gasoline was thrown over a radiator in which there was an exposed open flame. Thus the gasoline was ignited and the fire and damage resulted. Sifford seized a fire extinguisher and attempted to put the fire out but was unsuccessful. He summoned the fire department and firemen were there within five minutes and extinguished the fire, but not until after the damages complained of had occurred. Appellant had plead in effect that the fire was occasioned by causing the gasoline to come in contact with the open blaze, and then plead "res ipsa loquitur" in the fourth paragraph of its first amended petition, in the following language: "Plaintiff further alleges that it does not propose to be bound by its specific allegations of negligence hereinabove contained, because the acts of negligence of the defendant, its agents, servants and employees, are more accessible and within the particular knowledge of the defendant, its agents, servants and employees, and are not accessible to the plaintiff; and plaintiff therefore, alleges that in the absence of the negligence of the defendant, its agents, servants and employees, said fire would not have occurred to said building, radiator and other equipment thereto pertaining, which had been leased to the defendant and was then and there under the exclusive management, control and possession of the defendant, its agents, servants and employees, and said fire could ordinarily have been averted by the taking of the customary precautions and preventive measures; and plaintiff, therefore, in the alternative,

relies on the doctrine, or theory, of Res Ipsa Loquitur, for the proof of its case."

The trial court struck this paragraph upon exception taken by appellee, and it is of this action that appellants complain by their first point.

After the striking of said paragraph, the appellants in their second and third amended original petition alleged that the fire was caused by the carelessness and negligence of the defendant, its agents, servants and employers, in the following particulars, to-wit:

"(a) In placing said gasoline in an uncovered and open container.

"(b) In placing said open container containing gasoline in the close proximity to a gas steam radiator.

"(c) In operating a motor vehicle in such a negligent and careless manner as to back said vehicle into the said open, uncovered gasoline container, and thereby knocking said container and its contents into, over and around said gas steam radiator."

■ It therefore appears that appellants knew the manner in which the fire was started at the time of the filing of each of their pleadings. At the time the trial court ruled upon the exception, the deposition of both L. M. Sifford, an eye witness, and John Lewis had been taken and were on file in the case and disclosed just how the fire was started, and left only the question of whether their conduct amounted to negligence proximately causing the fire, or whether the fire was an unavoidable accident. Under such circumstances the doctrine of res ipsa loquitur does not apply and the court properly sustained the exception. 45 Corpus Juris, § 774, p. 1206; 65 C.J.S., Negligence, § 220(6); 30 Tex. Jur., § 132, p. 807; Texas Co. v. Charles Clarke & Co., Tex.Civ.App., 182 S.W. 351; Pfeiffer v. Aue, 53 Tex.Civ.App. 98, 115 S. W. 300; Texas Hotel Co. of Longview v. Cosby, Tex.Civ.App., 131 S.W.2d 261; National Hotel Co. v. Motley, Tex.Civ.App., 123 S.W.2d 461; Alley v. Texas Electric Service Co., Tex.Civ.App., 134 S.W.2d 762.

■ Appellants' second contention is that the trial court erred in not sustaining appellants' exception to that part of appellee's answer which made reference to the two insurance companies who were later made parties plaintiff herein. The original plaintiff, Southland Industries, Inc., had collected insurance from these two insurance companies and Southland felt that it would prejudice their case with the jury if this fact was made known to them.

The trial court, in overruling appellants' exception, provided:

"(1) That Plaintiff's exception No. 1 under its First Amended First Supplemental Petition complaining of Paragraph VI of Defendant's Second Amended Original Answer is hereby sustained to the extent that Defendant is directed not to read that portion of his said answer to the jury, but same is not ordered stricken and Defendant will be allowed to make proof thereunder, should it desire to do so, before the Court in the absence of the jury, to which action of the Court Defendant then and there excepted;

"(2) Plaintiff's exception No. 2 under its First Amended Supplemental Petition complaining of Paragraph No. VII of Defendant's Second Amended Original Answer be and the same is hereby overruled, to which action of the Court the Plaintiff then and there excepted, but Plaintiff is granted leave to amend and bring in General Insurance Co. of America and Standard Insurance Co. of New York as parties."

Two things are clear from this order. (1) The court was not going to let appellee read this objected to part of the pleading to the jury, nor allow appellee to introduce any evidence on the same in the presence of the jury. If this order had been carried out the injury here complained of would not have occurred. (2) That appellants were not required to intervene but were only granted leave to intervene. After this occurred, appellee filed its third amended original answer in which it abandoned all reference to the insurance companies and appellants filed their third amended original petition in which the two insurance com-

panies were made parties plaintiff. Under such circumstances appellants are not now in a position to complain of the action of the court in failing to sustain their exception to the appellee's answer wherein it mentioned the two insurance companies.

Appellants next complain because issues 7 to 11, inclusive, were submitted to the jury. Issues 7 to 10, inclusive, related to the alleged contributory negligence of appellant Southland Industries, Inc., they were answered favorably to appellant, and the mere submitting of these issues to the jury could not constitute reversible error. Issue 11 inquired of the jury whether the fire was the result of an unavoidable accident, and this issue was answered in favor of appellee. The evidence was sufficient to justify the action of the court in submitting the issue and of the jury in answering it to the effect that the fire was the result of an unavoidable accident. The automobile involved belonged to one M. G. Gonzales. Sifford had never driven it before. He had no occasion to notice that the clutch pedal was worn on one side, neither was it his duty to repair this pedal. He had been working at that place for many years and had never before backed a car into a stall where another mechanic was supposed to be working. There was a sufficient space between the two stalls to back a car out of one stall without entering the opposite stall. There was sufficient evidence to support a jury finding that Sifford would not have backed the Gonzales car into the opposite stall if his foot had not slipped off the clutch pedal and that his foot would not have slipped off but for the fact that the pedal was worn on one side. The evidence would also support a finding that the gasoline in the open container would not have caused the fire if the container had not been knocked over by the backing car. The finding of the jury that the fire was the result of an unavoidable accident is supported by the evidence and such finding required that a judgment be rendered for appellee.

In view of what we have already said, appellants' points four, five and six are without merit and are overruled.

The judgment will be affirmed.