**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, Appellant,**

v.

**Hardy L. GAGE, Appellee.**

**No. 17009.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 21, 1969.

Rehearing Denied March 21, 1969.

Friberg & Parish, and Elmer H. Parish, Wichita Falls, for appellant.

Fillmore, Robinson, Lambert & Farabee, and David Smith, Wichita Falls, for appellee.

## OPINION

LANGDON, Justice.

This is a suit for damages caused by a grass fire. Upon a jury finding that the de-

fendant failed to confine the fire to its own right-of-way and permitted weeds and other combustibles to exist on its right-of-way, that each of such acts were negligence and a proximate cause, the court rendered judgment for the plaintiff. The jury found the value of the fence destroyed to be $262.70, the value of the grass destroyed to be $1,-300.00, and that there were four hundred acres of land burned with a difference in value immediately before and immediately after the fire in question of $17.00 per acre. The court entered judgment for a total amount of damages as found by the jury in the sum of $8,362.70.

We affirm.

The parties will be designated as in the trial court.

Paragraph seven (7) of plaintiff's original petition alleges that, "the Defendant's negligent and careless manner of operating its train at the time and on the occasion in question caused the fire herein complained about which destroyed 400 acres of land, such 400 acres being burned to such an extent as to completely destroy the grass, all of the mulch and/or litter, grass roots and feed and did great damage to the turf; that said land at the time of the fire had a reasonable annual rental value of at least $5.00 per acre and that it has been destroyed and this Plaintiff deprived of the use thereof for any purposes for at least five years; that it will take a minimum of five years or more in order for the grass to grow back and the soil covering to recover to the same condition it was in prior to the fire, and that therefore Plaintiff has been damaged in the sum of $2,000.00 per year for five years for the destruction of his grass and *damage to his land* for a total of $10,000.00." (Emphasis ours.)

Defendant, in its first amended original answer excepted to paragraph 7, "for the reason Plaintiff alleges that the fire destroyed 400 acres of land and the proper measure of damages for permanent injury

to the land is not alleged of which special exception Defendant prays judgment of the Court."

The defendant objected to the court permitting the plaintiff to examine the jury as to the market value of the land before and after the fire or as to the difference between such values because there were no pleadings in support thereof and requested a continuance in order to require the plaintiff to plead what he expected to prove in this regard.

The plaintiff, with leave of the court, then dictated into the record of the court the following trial amendment which by consent of the court was to be written up at a later date and filed as of the date it was dictated (April 30, 1968):

"NOW COMES the Plaintiff, and, although having pled in Paragraph 7 of his Original Petition damages to the grass and also damages to the land, the damages to the grass being alleged in the sum of $2,000.00, and damage to the land the balance of the $10,000.00, to-wit: $8,000.00, and files this Amendment in addition to the allegation contained in Paragraph 7:

"'Plaintiff has been damaged at the rate of $5.00 per acre for loss of his grass, or $2,000.00, and the sum of $8,000.00 for damages to his land, being the difference in market value of the land before and after the fire.'"

Following dictation of the trial amendment the defendant presented its motion for continuance (April 30, 1968).

Omitting formal portions the motion for continuance was as follows:

"3.

"Up to the time that the trial amendment was permitted, the Plaintiff was relying on the reasonable annual rental value of at least $5.00 per acre for the land damaged for at least five (5) years, and the

Defendant had prepared its defense on the rental value per acre and the length of time that said land would be damaged.

"4.

"The Defendant had no knowledge that the Plaintiff was changing his allegation as to the measure of damages to the value of the land before and after the fire until after the case was called for trial and a jury panel waiting, and * * * had no opportunity to secure evidence * * * (as to such values).

"5.

"The injection of a new basis for recovery comes as a surprise * * * Defendant, * * * has not had an opportunity to secure evidence and meet the proof introduced by the Plaintiff upon such newly alleged basis of recovery.

"6.

"This Defendant expects to procure the attendance * * * and testimony of * * witnesses as to whether or not the land was permanently damaged by the fire and the value of the land before and after the fire by the next term of court."

The defendant, by its points one through three, contends that the court erred in permitting the plaintiff, over its objection, to proceed to trial on the oral trial amendment which injected new issues it had no opportunity to prepare for, i. e., the difference in the market value of the land before and after the fire as permanent damages to the land and in overruling its motion for continuance.

In our opinion the court did not abuse its discretion in allowing the amendment in response to the exception and objection of the defendant above referred to and in overruling the motion for continuance because the amendment was merely an amplification or clarification of the plaintiff's previous pleading. It did not inject any new issues. It merely defined the measure of damages for permanent injury to the land.

█ Rules 63 and 66, Texas Rules of Civil Procedure, respectively, make it discretionary with the court as to the allowance or refusal of an amended pleading within seven days of trial or a trial amendment during trial. See also 46 Tex.Jur.2d 54, Sections 220–225. The allowance of trial amendments is within the sound discretion of the trial court and unless it clearly appears that such discretion has been abused its order refusing or permitting a trial amendment will not be disturbed. Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605 (1948). See also Lipscomb v. Perry, 100 Tex. 122, 96 S.W. 1069 (1906).

Rule 66, T.R.C.P., supra, directs the court to freely allow a trial amendment when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits.

█ In the instant case the amendment did subserve the presentation of the merits of the action and the defendant failed to satisfy the court that the allowance thereof prejudiced maintenance of its defense upon the merits. The defendant's exception and objection which prompted the amendment suggested the language which was dictated into the amendment. The pleadings of the plaintiff contained the element of damage to the land and as stated the amendment merely added the measure of such damages. It did not change the character of the evidence required for defense upon the merits and thus a postponement was unnecessary.

Rule 45, T.R.C.P., requires in part that pleadings in the district and county courts shall, " * * * (d) Be in writing, signed by the party or his attorney, and be filed

with the clerk. All pleadings shall be so construed as to do substantial justice." The defendant contends that it was forced to trial over its objection to the oral, unsigned pleadings which were not filed with the clerk.

"Counsel should sign their names to motions and pleadings to make themselves responsible for what is stated in them and so as to leave no doubt as to the parties for whom they appear but signature to pleading is a formal requisite and failure to comply with the requirement is not fatal." W. C. Turnbow Petroleum Corporation v. Fulton, 145 Tex. 56, 194 S.W.2d 256 (1946). Volume 1, T.R.C.P., p. 188, Note 11 under Rule 45.

■ In the instant case the attorney for the plaintiff by personally dictating the amendment into the record left no doubt as to the party responsible for what was dictated and that he appeared for the plaintiff. In any event the court granted permission to later reduce the dictated amendment to writing and to sign and file with the clerk. Thus the formality of the requirement of the rule was complied with.

The witness, Dick Beavers, who is sixty-one (61) years of age and been engaged in the ranching business all of his life, had worked for the plaintiff in 1962 and 1963. He was working for him at the time of the fire. He testified that because of his experience in the ranching business he could, by looking at acreage, make a determination as to the number of acres under fence in a given area or how many acres had been burned. He answered that he had arrived at an opinion as to the number of acres that had been burned at the time of the fire in question and that such fire had damaged "400 acres, or plus." He arrived at this opinion on the day after the fire.

Another witness, Wilton Kerr, made the same estimate of damage to 400 acres without objection.

■ It appears obvious from the record that the witness, Beavers, had ample opportunity for observation of the burned area and the experience to form an opinion as to the number of acres involved. The trial court did not abuse its discretion in permitting the witness to so testify. Montgomery Ward & Co. v. Levy, 136 S.W.2d 663 (Fort Worth, Tex.Civ.App., 1940, dism., judgm. cor.); Smith v. Sabine & E. T. Ry. Co., 76 Tex. 63, 13 S.W. 165 (1890).

■ In our opinion the appellant's complaint that a proper predicate had not been laid to permit Beavers to testify is without merit. Further we are of the opinion that the court, in the absence of an objection, was correct in forbidding the witness Beavers, on cross-examination, to answer the question of whether a surveyor would be able to make a more accurate statement as to the number of acres damaged by the fire. Obviously the question was very argumentative and thus improper.

■ Appellant complains that it was forced to reveal in the trial that the day after the fire its section foreman, Gee, entered into his report to the railroad company that 350 acres of appellee's land had been burned. The appellant argues that this testimony violated a privilege available to it under Rules 167 and 186a, T.R.C.P.

The day after the fire, the section foreman, Gee, following his investigation of the fire scene on behalf of the railroad, revealed to the plaintiff that he thought 350 acres had been burned. Rule 186a, T.R.C.P., provides, " * * * that the rights herein granted shall not require disclosure of information obtained in the course of an investigation of a claim or defense by a person employed to make such investigation." The rule does not say that a voluntary disclosure by the investigator is inadmissible; it states only that the opposite party cannot "require disclosure."

It should be noted that the court sustained objection to introduction of the entire report into the evidence. It permitted a witness to testify that Mr. Gee reported that the fire started at 1:30 and that 350 acres had been burned and destroyed by fire. This is the only portion of the Gee report which was permitted and the portion involving the acreage had been voluntarily revealed by Mr. Gee.

The jury in its response to Special Issue No. 15 ignored the estimate of Mr. Gee and based its answer upon the 400 acre estimate testified to by the witnesses Beavers and Kerr. Thus it is evident that the error, if any, which is complained of did not influence the jury and thus was harmless.

The appellant complains of the court's action in submitting Special Issues Nos. 7, 8 and 9 which inquire, respectively, as to whether the defendant and its agents and employees failed to confine the fire to its own right-of-way, whether such failure, if any, was negligence and whether such negligence, if any, was a proximate cause of the fire to plaintiff's property.

It is contended that submission of such issues, all of which were answered favorably to the plaintiff, was improper because, "there was no evidence that the Defendant's agents, servants or employees had knowledge of the fire on its right-of-way in sufficient time where, by use of diligence, it could have been confined to its right-of-way."

In summary the testimony in this record shows: The defendant had not cleared its right-of-way in Clay County for the past four or five years and had permitted tall grass to grow up to the rails—up to the crossties. Dead grass was so close to the ties that grease from passing trains would hit the ends of the dead grass and leave the grass greasy. This made the grass easier to ignite and set the fire. Mr. Gee, the section foreman, testified that the train going east, Engine No. 64, set the fire and

plaintiff testified that one could tell that the fire started on defendant's right-of-way. Another witness, from a window in her house, saw the train pass, and fifteen minutes later saw fire and smoke in the pasture.

■ Since it is established that the fire was set by the negligence of the defendant and there is no showing to the contrary, we are of the opinion that the trial court did not commit error in failing to submit an additional issue inquiring as to whether the defendant had knowledge of the fire in sufficient time where, by the use of diligence, it could have confined the fire to its right-of-way.

International & G. N. R. Co. v. McIver, 40 S.W. 438 (Tex.Civ.App., 1897, error refused); St. Louis Southwestern Ry. Co. of Texas v. Anderson, 173 S.W. 908 (Fort Worth, Tex.Civ.App., 1914, error refused); International-Great Northern R. Co. v. Kuhlmann, 26 S.W.2d 451 (Austin, Tex.Civ. App., 1930, error refused).

The submission of the issue as to the defendant's knowledge of the fire, etc., was not requested by the defendant. Rule 279, T.R.C.P.

■ Since it appears clear from the record that the fire was started by the defendant and there is no showing to the contrary or that the fire resulted other than by an act of the defendant the court's action in refusing to submit an issue on "unavoidable accident" was proper.

Special Issue No. 14 inquired as to the value of the fence on plaintiff's property as a result of the fire and the jury found such value to be $262.70.

Appellant contends there was no evidence or insufficient evidence as to the value of any portion of the fence that was destroyed.

■ The record reflects that 19 or 20 fence posts and a bunch of wire had to be

replaced and that all of the wire had to be restretched. That the total actual expense was "around" $350.00. Cost of fence posts and wire was likewise before the jury. There was ample evidence in the record to support the submission of the issue and the jury's answer thereto.

Special Issue No. 16 and the jury's answer thereto are as follows:

"What do you find from a preponderance of the evidence is the difference in the value of such land, per acre, immediately before and immediately after the fire in question?

"Answer in dollars and cents, if any.

"ANSWER: $17.00 per acre".

The defendant contends that the court erred in submitting such issue over its objection because the same was a comment by the court on the evidence in that said issue as worded assumed there was a difference in the value of the land before the fire and its value after the fire since no preliminary issue was submitted inquiring as to whether there was a difference and that the court erred in refusing to submit its requested preliminary issue as to whether there was a difference.

It is additionally contended that there are no pleadings to support submission of the issue and that it was error to render judgment on such issue in the absence of the preliminary issue as to whether there was a difference in the before and after fire values. Finally with reference to such issue it is urged that the court erred in overruling defendant's motion to disregard the jury's answer to Special Issue No. 16 and enter judgment for the plaintiff in the amount of $1,562.70 because (1) there were no pleadings to support submission of such issue; and (2) the evidence was insufficient to support submission or the jury's answer to such issue.

■ It is not error for the court, in submitting its charge to the jury, to assume an uncontroverted fact. See Hughes v.

Belman, 239 S.W.2d 717 (Austin, Tex.Civ. App., 1951, ref. n. r. e.); Loughry v. Hodges, 215 S.W.2d 669 (Fort Worth, Tex. Civ.App., 1948, ref., n. r. e.).

■ In the instant case it is uncontroverted that as a result of the fire in question the roots of grass and the turf of the land were damaged and that this "damage to land" will last several years. It was not improper for the court, under this record, to assume that there was a difference in the before and after the fire values of the land. Since it is obvious that a difference in value of the land did result from the fire it was wholly unnecessary to inquire of the jury as to whether there was a difference in such values.

The issue in question was qualified by the phrase, "if any." It will be noted in reading the issue above set out that the jury was instructed to answer in dollars and cents, if any. Under this record an answer of "NONE" would have been against the great weight and preponderance of the evidence.

■ The pleading of the plaintiff and the evidence in this record fully and amply support the submission of and the jury's answer to Special Issue No. 16.

In our opinion no useful purpose would be served by here reciting the lengthy testimony in support of the submission of and the answer to this issue. Suffice it to say that there was an abundance of it and that an answer by the jury in excess of the answer it gave would have been well supported by the testimony and evidence before it.

Special Issue No. 17 and the jury's answer thereto reads as follows:

"What do you find from a preponderance of the evidence is the market value of the grass that was destroyed, if any, by said fire in question?

"Answer in dollars and cents, if any.

"ANSWER: $1300.00".

The defendant requested the following instruction in connection with the above issue:

"In answering special issue No. 17, you will not take into consideration the value of the destruction of the grass roots or the soil, if any, as a result of said fire, but you may consider only the injury or damages, if any, to the grass that was then standing on the land in question at the time in question."

Appellant contends that the trial court erred in refusing its requested instruction.

It is our opinion that an examination of the charge of the court as a whole reveals that a proper distinction between "grass" and "grass roots" is contained therein. There is no showing that the jury was mislead by the language of the charge.

Special Issue No. 14, previously referred to, limits consideration by the jury to, "cost of labor and material necessary to construct a fence equal to the portion destroyed, if any."

Special Issue No. 16, previously set out, contained the following instruction limiting consideration of the jury:

"In answering the above special issue you will not take into consideration the value or destruction of the grass, or the value of any portion of the fences that were destroyed, if any, as a result of said fire, but you may consider the injury to the grass roots, if any, and to the soil, if any."

As above noted Special Issue No. 17 is limited to the value of the grass destroyed.

It appears to us that the charge as a whole provided a proper guide for the jury and that they were made aware of the necessary elements to be considered by them in considering the issues involving damages and therefore it was proper for the court to refuse the requested instruction.

All points of error are overruled and the judgment of the trial court is accordingly affirmed.

Affirmed.