**James P. PARKER, Appellant,**

v.

**V. C. McGINNES, Appellee.**

No. 6024.

Court of Civil Appeals of Texas, Waco.

Jan. 17, 1980.

Joe Alfred Izen, Jr., L. T. (Butch) Bradt, Minns, Izen, Bradt & Associates, P. C., Houston, for appellant.

W. E. Verkin, Jr., Neugent, Lilienstern, Douvry & Lyons, Inc., Texas City, for appellee.

HALL, Justice.

V. C. McGinnes filed this suit against Mr. and Mrs. James P. Parker to recover damages allegedly resulting from a trespass by defendants upon land in plaintiff's possession. After the case was tried to a jury, judgment was rendered in favor of plaintiff

against defendant Mr. Parker for $173.70 actual damages and $1,500.00 exemplary damages. We affirm the judgment.

Plaintiff alleged that he held leases from the owners to three ten-acre lots numbered 8, 9 and 10, out of the Gulf Coast Development Company First South Subdivision, Algoa Orchards, Galveston County, Texas, for the term beginning January 1, 1975, and ending December 31, 1975; that after January 1, 1975, plaintiff "plowed and scratched the lots in preparation for the planting of a rice crop thereon"; that defendants own the land adjoining the east end of the lots; that the true and correct boundary line between defendants' land and lots 8, 9 and 10, is 1101 feet east of and parallel with the west line of the lots; that on March 2, 1975, without plaintiff's knowledge or consent and without the knowledge or consent of the owners of the land, defendants erected a fence along the west boundary line of the lots and informed plaintiff's brother that an armed guard would patrol the fence and would use force to exclude plaintiff from the lots; and that defendants have occupied the lots and have begun cultivating the land. Plaintiff's pleadings for actual damages were these:

"As a result of defendants' trespasses, plaintiff sustained the following general and special damages: the expense of plowing the land and further preparing it for the planting of rice, and the loss of the market value of the rice crop that defendants have prevented plaintiff from planting, it now being too late in the rice planting season to plant such a crop, all to plaintiff's damage reasonably estimated at $25,000.00."

Plaintiff also alleged that defendants acted with malice, and he pleaded for exemplary damages in the amount of $12,500.00.

Defendants answered with a general denial. They also specially denied that they had prevented plaintiff access to lot 8; and they alleged rightful possession of lots 9 and 10 upon grounds we need not notice.

There was no evidence that defendant Mrs. Parker committed any acts alleged by plaintiff, and no issue was submitted to the jury regarding plaintiff's action against her. Accordingly, our reference hereinafter to "defendant" will be to Mr. Parker.

The jury found in its answers to special issues 1 and 2 that on March 2, 1975, plaintiff was in possession of lots 8, 9 and 10. The court's definition of the term "possession" in connection with those issues required the jury to find that plaintiff was using and exercising dominion over the lots and that his possession thereof was "actual, peaceful, exclusive and continuous." The jury also found that on March 2, 1975, defendant entered upon the three lots and constructed a fence to exclude plaintiff from possession of the lots; and that as a result plaintiff was excluded from lot 8 from March 2, 1975, through March 26, 1975, and he was excluded from lots 9 and 10 from March 2, 1975, through December 31, 1975.

The only special issues submitted to the jury related to plaintiff's actual damages were numbers 5 and 6. Special issue 5 asked the jury to find "the reasonable rental value per acre [per annum] of the 20 acres of Lots 9 and 10"; and special issue 6 inquired as to the reasonable value per acre of the ten acres of lot 8. The jury answered both issues "$10.00 per acre." Judgment was rendered for plaintiff on the jury's findings for $173.70 actual damages against defendant. Based upon other jury findings which we shall discuss later, plaintiff also received an award for exemplary damages.

Prior to the submission of the court's charge to the jury, defendant objected to special issues 5 and 6 (plaintiff's damage issues based upon reasonable rental value of the lots) on the ground that they were not supported by plaintiff's pleadings. When the objections were made, the court asked plaintiff's counsel if he wished to file a trial amendment pleading as damages "the reasonable rental value per acre of the property in issue." Plaintiff's counsel responded that he did want to file the trial amendment. The court granted permission for the filing, and then stated to defendant's counsel that "in light thereof" the objections were overruled.

The trial amendment was never filed by plaintiff. Defendant asserts for reversal that the court erred in submitting special issues 5 and 6 to the jury over his objection, and in rendering judgment on the answers to the issues, because they were not supported by pleadings. We overrule those contentions.

■ It is not necessary for the plaintiff to allege the measure of damages in order to recover his damages. All that is necessary is that the petition factually plead a cause of action from which the court can determine the proper measure of damages. The measure of damages under the pleadings is a matter of law for the court. *McDaniel Bros. v. Wilson*, 70 S.W.2d 618, 622 (Tex.Civ.App.—Beaumont 1934, writ ref.); *I. G. N. R. Co. v. Kuhlmann*, 26 S.W.2d 451, 452 (Tex.Civ.App.—Austin 1930, writ ref.); *United Ventures v. Samsill Bros. Plastic Corp.*, 540 S.W.2d 577, 579 (Tex.Civ.App.—Fort Worth 1976, no writ); 17 Tex.Jur.2d 263, Damages § 197.

■ Loss of rentals is an appropriate measure of damages for the temporary loss of use of land. *City of Austin v. Teague*, (Tex.1978) 570 S.W.2d 389, 394; *Bradley v. McIntyre*, 373 S.W.2d 389, 390 (Tex.Civ.App.—Houston 1963, writ ref. n. r. e.). In our case plaintiff alleged that he was in possession of the lots and was entitled to possession until December 31, 1975; and that defendant trespassed upon the lots on March 2, 1975, and constructed a fence thereon, and excluded plaintiff from possession and use of the lots. Those pleadings sufficiently alleged a temporary loss of use of the land by plaintiff. Defendant did not except to plaintiff's pleaded measure of damages as being improper, and any complaint in that respect was waived. *I. G. N. R. Co. v. Kuhlmann*, 26 S.W.2d 451, 453 (Tex.Civ.App.—Austin 1930, writ ref.).

■ Defendant contends that the jury's finding that he constructed a fence upon and thereby excluded plaintiff from lot 8 is not supported by any evidence. Alternatively, he asserts the finding is against the great weight and preponderance of the evidence. We disagree with those contentions. The finding is supported by the direct testimony of plaintiff's brother that a fence was constructed on lot 8, and by other proof in the case which inferentially supports the determination that the fence was constructed by defendant. Although defendant denied constructing a fence on lot 8, his testimony merely raised a fact question on the issue which was resolved against him by the jury. We hold the evidence was legally and factually sufficient to support the finding.

■ The jury found that defendant acted maliciously when he constructed the fence and excluded plaintiff from the lots, and they awarded plaintiff $12,500.00 exemplary damages. Eventually, plaintiff remitted $11,000.00 of that award, which left him a recovery of $1,500.00 for exemplary damages in the trial court. Defendant contends a further remittitur should be ordered by us "since the exemplary damages of $1,500.00 do not bear a reasonable relation to the actual damages of $173.70 award." The contention is overruled.

■ It is the settled rule in Texas that the amount of exemplary damages should be reasonably proportioned to the actual damages awarded. *Southwestern Investment Company v. Neeley*, (Tex.1970) 452 S.W.2d 705, 707. However, it is also the rule, stated in *Neeley*, that "in determining whether exemplary damages are excessive, a court of civil appeals is to consider such matters as the degree of outrage produced by the evil, the frequency of the evil, and the size of an award needed to deter similar wrongs in the future."

Under the facts of our case, which we need not detail, the jury was justified in believing that defendant's fencing of the lots and exclusion of plaintiff was accompanied with a threat of armed force against plaintiff's brother which was also intended against plaintiff; that those actions were intentionally designed by defendant, in bad faith and in wanton disregard of the rights of the owners of the lots and of plaintiff's possession claimed under the owners, to effect a title to the lots by adverse possession by tacking onto the prior possession of the

lots by one Permenter; that defendant did not honestly believe that Permenter claimed any adverse interest in the lots; and that defendant's scheme was thwarted only by plaintiff's protection of his rights by this lawsuit. The record shows that defendant subsequently purchased lots 9 and 10 from the owner for $10,000, in 1977; that he has discussed the purchase of lot 8 with its owner; and that he does not claim any interest in lot 8.

Although the amount of exemplary damages should bear a reasonable proportion to the actual damages, the cases have never established an absolute numerical ratio between them, and the proper amount to be allowed as exemplary damages must depend upon the facts of a particular case. "Such amount depends, among other things, upon the nature of the wrong, the character of the conduct involved, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned, and the extent to which such conduct offends a public sense of justice and propriety." *Cain v. Fontana*, 423 S.W.2d 134, 139 (Tex.Civ. App.—San Antonio 1968, writ ref. n. r. e.).

The ratio between the actual and exemplary damages in our case is approximately 8½ to 1. Similar ratios have been upheld on appeal as bearing a reasonable relationship to actual damages in appropriate cases. E. g. *Cotton v. Cooper*, 209 S.W. 135 (Tex. Com.App.1919, jdgmt. adopted) $400 actual, $3,500 exemplary; and *Russell v. Truitt*, 554 S.W.2d 948 (Tex.Civ.App.—Fort Worth 1977, writ ref. n. r. e.) $8,000 actual, $55,000 exemplary.

Defendant has other complaints. None present reversible error. All are overruled.

The judgment in favor of plaintiff for $173.70 actual damages and $1,500.00 exemplary damages is affirmed.